HENRY STICKROD *v.* COMMONWEALTH.
COMMONWEALTH *v.* HENRY STICKROD.

**Criminal Law—Wagering.**

Where one bets on the result of an election, and that one candidate for office will receive a greater number of votes than another, and the election is held, such action is an offense punishable by the laws of this commonwealth.

**Selection of Grand Jury.**

Where the court neglects to appoint jury commissioners to select grand and petit jurymen the marshal of the city court of Louisville, under the direction of the court, may legally summon a grand jury.

**Deputy Marshal.**

The deputy marshal has the same power under the order of the court to summon a grand jury that the marshal has.

**Elections in Louisville.**

An election for mayor for the city of Louisville is an election held under the laws of the state.

APPEAL FROM LOUISVILLE CITY COURT.

January 17, 1877.

OPINION BY JUDGE PRYOR:

It is alleged in the indictment that an election was held for mayor of the city of Louisville, in accordance with the law, on the 7th of December, 1875; that Jacob and Baxter were candidates for the office and voted for as such; that the appellee and Dehart did wager and .bet with George Bohr the sum of five hundred dollars that Jacob would be elected mayor and receive more votes therefor than Baxter; that said election was held and Jacob elected, and the money

received by the appellee. This constitutes a complete offense under the statute. It was not necessary to allege the reception of the money on the part of the appellee. The wager or bet on the election subjected him to a fine of one hundred dollars, and the allegation that the winner received the money is only required where the commonwealth is proceeding by action to recover from the winner the money or property won by him.

The demurrer should therefore have been overruled. The statute directs the manner in which grand and petit jurors are to be selected, but if the court should neglect this duty, or omit to have jury commissioners appointed, the marshal of the city court or his deputy, the act of the deputy being that of the principal, is fully authorized to summon a grand jury under the directions of the court. It is conceded that a grand jury was empannelled in this case, and returned the indictment into court, and now it is proposed to show, in order to invalidate the proceeding, that the deputy marshal, in effect organized that tribunal, and not the judge; that he summoned them without the direction of the judge and at his own instance. This court will not presume or hear proof upon which to base the conclusion that the court below delegated such power to the deputy marshal as indorsed the latter action by empannelling such a grand jury as he might see proper to select. The record of the court recites that "the marshal of the court, in obedience to an order of the court, having summoned a grand jury." This is conclusive of the question made as to the validity of the indictment; nor will this court go back of this order to see whether the deputy marshal was also deputy clerk at the time he says the grand jury was summoned by him.

He was certainly acting as deputy marshal during that term, and the orders of court refuted the idea that the judge would permit the same man to act both as clerk and marshal at the same time in his court. Nor is this inquiry material, as the court will not disturb the indictments returned into court by a grand jury regularly empannelled, for no other reason than that the deputy marshal was also proffering to act as deputy clerk, particularly when the record shows that the grand jury was summoned by the marshal, as ordered by the court. Besides, if the testimony on this branch of the case constituted the defense, this court has no power to reverse in this class of cases for the reason that the court below refused to set aside the indictment. (See Sec. 349, Criminal Code.) The words "Circuit Court" shall be construed to mean any court of similar

jurisdiction, either criminal, ordinary or equitable. Sec. 28, Chap. 21, Gen. Stat. The circuit courts of the state have general jurisdiction to try all such offenses, except in certain districts where the jurisdiction has been taken from the circuit court and vested in another tribunal. In the city of Louisville the jurisdiction was taken from the circuit court and given to the city court, and the latter tribunal has exercised this jurisdiction, exclusive of the circuit court, until the passage of an act by the legislature of the state at its last session, restoring to the circuit court this original exclusive jurisdiction at a designated period not yet reached. (Session Acts, 1875-1876.) The judgment in the case of the commonwealth against Stickrod is, therefore, *reversed,* and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.

In the case of Stickrod against the commonwealth, the judgment was proper for the reasons already indicated in the case of the commonwealth against the same party; nor would this court have the power to reverse the judgment if the court below had erred in overruling the demurrer. Section 349 of the Criminal Code provides that this court shall not reverse for any error in overruling a demurrer or in refusing to set aside an indictment. This applies to indictments for misdemeanors.

It is maintained by counsel that the statute imposing a penalty for betting on elections does not embrace elections held by municipal corporations. The statute provides that "If any person shall wager or bet any sum of money or other thing of value upon any election under the constitution and laws of this commonwealth, or the constitution and laws of the United States, he shall forfeit and pay the sum of one hundred dollars, to be recovered by indictment in the circuit court of the county where the bet is made," etc. We have already shown why it is the city court has the jurisdiction to impose the penalty.

That the election of a mayor for the city of Louisville was an election held under the laws of the state is too plain for argument. The city of Louisville is a public corporation, not only subject to the control of the state government, but a part of the government itself. Such corporations are created for public purposes, and their action always is subject to legislative control. The election upon

which this bet was made was held under the law of the state, and the appellant must suffer the penalty. Judgment *affirmed*.

*Hagan & Cornett, W. R. Kinney, C. A. Gill, for appellant.*
*Moss, for appellee.*